## PETTY v. STATE. (No. 6008.)

(Court of Criminal Appeals of Texas. Dec. 8, 1920.)

**Criminal law 1094—No questions presented in absence of statement of facts or bill of exceptions.**

In the absence of statement of facts or bill of exceptions, no questions for review are presented, and the judgment will be affirmed.

Appeal from District Court, Smith County; J. R. Warren, Judge.

McKinley Petty was convicted of aggravated assault, and he appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, J. Upon an indictment for murder, appellant was convicted of aggravated assault, and his punishment fixed at a fine of $100 and confinement in the county jail for the period of 18 months.

This is the second appeal. See 216 S. W. 868. The record is before us without statement of facts or bill of exceptions.

No questions for review are presented, and the judgment is ordered affirmed.

---

## TOLSTON v. STATE. (No. 6001.)

(Court of Criminal Appeals of Texas. Dec. 8, 1920.)

**1. Criminal law 476—Whether empty bottle thrown at a man would be likely to kill him held not subject of expert testimony.**

In prosecution for murder committed by throwing a bottle at deceased, involving issue of whether defendant had an intent to kill when he threw the bottle, question to the physician as to whether an empty quart bottle, thrown 30 feet and striking a man square on the top of the head, was likely to produce death, *held* to call for improper expert testimony, it calling for a mere conjecture, and not an opinion founded on fact or knowledge acquired as a physician.

**2. Criminal law 829(3)—Deadly weapon; refusal of instruction that a bottle was not in itself likely to produce death held error.**

In prosecution for murder committed by throwing an empty quart bottle at deceased, where the court in applying the law to the facts used the expression, "deadly weapon" in both the murder and manslaughter paragraphs in his charge, but nowhere defined what constituted a deadly weapon, refusal of requested instruction that the bottle was not itself an instrument likely to produce death, on the ground that it was covered by the general charge, *held* error.

**3. Homicide 268—An empty quart bottle not per se a dangerous weapon.**

An empty quart bottle is not per se a dangerous weapon.

Appeal from District Court, Polk County; J. L. Manry, Judge.

Levi Tolston was convicted of murder, and he appeals. Reversed.

Stanley Thompson, of Houston, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Polk county of murder, and his punishment fixed at 25 years' confinement in the penitentiary.

He was charged with killing an Indian named Batise by throwing a bottle at him. The main defense was an alibi, but appellant insisted throughout that the evidence was insufficient to show an intent to kill. The evidence is conflicting, but enough appears to support the jury's conclusion that appellant was the person who threw the bottle, apparently causing the death of the deceased.

The real issue in the case is whether or not the evidence is sufficient to show appellant's intent to kill when he threw the bottle, if he did so, and whether errors were committed in matters affecting the question of intent. Over objection by appellant two physicians were permitted to testify for the state and answer affirmatively the following question:

"Doctor, judging from your experience, would you say, in your opinion, that a man weighing about 175 or 180, about 29 years of age, size of the defendant—I think the defendant looks to be 5 feet 10 or 11, or 6 feet—standing about a distance of 30 feet away, on an elevation of about 5 feet, throwing a bottle, a quart bottle, him holding it by the neck, throwing a round quart bottle that distance, and striking another man in the top of the head, who at that time was in a stooping position, wearing a hat, with hair on his head, felt hat, striking him square on the top of the head with that bottle, in your opinion would you say that would likely produce death?"

[1] We think this error, and that the question was one which a physician could not answer as an expert. Whether an empty quart bottle, thrown 30 feet and striking a man square on top of the head, would likely produce death, seems to us a matter of pure conjecture, and not an opinion founded on fact or knowledge acquired by reason of the profession of the witness. The character of wound inflicted was not included in the hypothetical question asked. We have held that a physician may state as to the probable cause, nature, and effect of wounds, and the consequences thereof. Branch's Ann.